# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:05-CV-330-DCK

| | |
|---|---|
| CHARLOTTE-MECKLENBURG ) | |
| BOARD OF EDUCATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| M.B. WHITE CONTRACTING, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "...Motion for Summary Judgment" (Document No. 19) and "Memorandum In Support..." (Document No. 20), filed September 4, 2007; and Plaintiff's "...Response To ... Motion For Summary Judgment" (Document No. 22), filed September 18, 2007. Defendant filed a "Notice Pursuant to Local Rule 7.1(B)" (Document No. 24) on September 26, 2007, informing the Court that it did not wish to file a reply brief. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is now ripe for disposition.

Having carefully considered the arguments, the record, and the applicable authority, the undersigned will <u>deny</u> the motion for summary judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On or about December 20, 1999, the Charlotte-Mecklenburg Board of Education ("Plaintiff") and M.B. White Contracting, Inc. ("Defendant") entered into an agreement wherein Defendant agreed to perform certain construction of the Phillip O. Berry Academy of Technology ("Berry Academy"), formerly known as Vocational Technical High School, located in Charlotte, North

Carolina. A Project Manual for the bidding and construction of the Berry Academy project, dated November 5, 1999, and revised November 15, 1999, also provided for the administration of claims. Paragraph 4.3.3 of the Project Manual required that "Claims by either party must be made within 21 days after occurrence of the event giving rise to such Claim or within 21 days after the claimant first recognizes the condition giving rise to the Claim, whichever is later."

Defendant substantially completed its work, which included site grading, seeding, fencing and installation of storm drainage and retaining walls, on or about August 2001. The parties' recitation of facts diverge somewhat on the events leading to the identification of alleged construction problems caused by Defendant.

According to Defendant, and the "Affidavit of Marcus B. White" (Document No. 18), S&ME advised in a report "that apparent sinkholes and possible tension cracks in the northwest area of the track subgrade were present in April 2002." (Document No. 18 at ¶ 10). Defendant does not address who the report was submitted to, or when it was submitted.

Plaintiff contends that on March 28, 2003, Keith Hunter of Bovis Land Lease, Inc. Construction Management Services ("CMS/Bovis") and representatives of S&ME visited the Berry Academy campus and observed cracking in the asphalt surrounding the football field and bulging in a retaining wall. The Board then notified the General Contractor and Architect who commissioned Griffin Surveying Services, PA ("Griffin") to survey the retaining walls. Griffin then gave its survey data to S&ME. Based on this data, S&ME arranged to view the inside of the storm drains on May 6, 2003. On May 8, 2003, James W. Flynn, Associate Principal for the Architect, notified Defendant via e-mail that it had discovered and recorded video of a collapse of the 18" HDPE storm pipe Defendant had installed.

It is undisputed that on or about May 22, 2003, Todd Webber, Senior Project Manager for CMS/Bovis, wrote a letter informing Defendant that a storm sewer in the northwest corner of the running track had collapsed. Apparently all interested parties visited the site and inspected the damage during May 2003. Sometime thereafter, Plaintiff hired a sub-contractor to perform corrective work, including replacing the collapsed storm drain and pipe.

Plaintiff filed its "Complaint" (Document 1-2) on January 28, 2005 with the Clerk of Court for Mecklenburg County, North Carolina, asserting claims for breach of contract, express warranty, and implied warranty. Defendant filed its "Notice of Removal" (Document No. 1) on July 20, 2005 based on diversity jurisdiction and an amount in controversy exceeding $75,000.00. Defendant's "...Motion For Summary Judgment" filed on September 4, 2007, is now ripe for disposition.

## II. STANDARD OF REVIEW

The standard of review here is familiar. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A dispute about a material fact is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). As this Court has previously explained,

> Defendant as the moving party has the initial burden to show a lack of evidence to support Plaintiff's case. If this showing is made, the burden then shifts to the Plaintiff who must convince the Court that a triable issue does exist. Such an issue will be shown "if the evidence is such that a reasonable jury could return a verdict for the [Plaintiff]."

Boggan v. Bellsouth Telecomms., Inc., 86 F.Supp. 2d 545, 547 (W.D.N.C. 2000) (citations omitted).

The non-moving party opposing summary judgment "may not rest upon the mere allegation or denials of his pleading, but his response ... must set forth specific facts showing there is a genuine issue for trial. Anderson, 477 U.S. at 248. In deciding a motion for summary judgment, the court views the evidence in the light most favorable to the non-moving party, that is, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

## III. DISCUSSION

Viewing the evidence in the light most favorable to the non-moving party, here the Plaintiff, the undersigned is not convinced that there is no genuine issue as to any material fact. To the contrary, the parties' filings thus far indicate distinctly different positions on who knew what, and when they knew it. Specifically, Defendant contends that Plaintiff was aware of construction problems that became the basis for its claim in April 2002, but did not file its Complaint until May 2003. Defendant argues that such a delayed claim violated the claim notification provisions of the Project Manual, that those provisions are terms of the parties' contract, and therefore Plaintiff's lawsuit should be dismissed. In contrast, Plaintiff contends it was unaware of the problems that formed the basis of its Claim until May 2003. Plaintiff contends that Defendant was notified within 21 days, as required by the claim notification provisions, of its May 6, 2003 discovery of the collapsed storm drain.

At the heart of this matter is Defendant's argument that Plaintiff "purportedly became aware of [construction problems] in April 2002" when "S&ME reported apparent sinkholes and possible tension cracks in the northwest area of the track subgrade." (Document No. 20 at 5). Defendant relies solely on the affidavit of Marcus B. White, the former owner of Defendant, for support of this

4

contention. Mr. White's affidavit provides in pertinent part:

> 9. That on or about April 2002, S&ME was requested to monitor a preliminary proof-roll of the subgrade for the eastern bleachers and track for the Project.
>
> 10. That in a subsequent report, S&ME advised that apparent sinkholes and possible tension cracks in the northwest area of the track subgrade were present in April 2002 and recommended further evaluation prior to paving.

(Document No. 18 at 2).

Neither Defendant, nor Mr. White's affidavit, provide any further explanation as to who requested or received the "subsequent report" or when they received it. It is not even clear that Mr. White had personal knowledge of the alleged report by S&ME. Defendant has not attached the alleged report or any authentication of that document. "It is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment." Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993) (citations omitted); see also Fed.R.Civ.P. 56(e) (Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith). Therefore, there is no evidence presented thus far that would lead a reasonable jury to find that Plaintiff knew or should have known prior to May 2003 of the existence of damage at Berry Academy based on Defendant's work. Both parties recognize the gathering of evidence at Berry Academy in May 2003 that relates to Plaintiff's ultimate claim.

In response to the summary judgment motion, Plaintiff has set forth specific facts showing that there is a genuine issue for trial. Plaintiff cites both Mr. White's affidavit, and the "Affidavit of L. Todd Webber" (Document No 23) for support that Defendant was informed in May 2003 of damage to the storm drainage system at Berry Academy. Plaintiff contends that it first became aware of the damage on May 6, 2003, and that Defendant was noticed of the damage on May 8, 2003 -

5

when an email was sent to Mr. White; and/or May 22, 2003 - when Todd Webber, Senior Project Manager for CMS/Bovis, wrote a letter to M.B. White advising him of the collapsed storm sewer. See (Document No. 18 at ¶ 11 and Document No. 23 at ¶ 7). Either date is within 21 days of Plaintiff's notice of the condition giving rise to its Claim. Attached to Mr. Webber's affidavit are copies of an email dated May 8, 2003 and a letter dated May 22, 2003 supporting Plaintiff's version of the facts. See (Document Nos. 23-2 and 23-4).

## IV. CONCLUSION

Taking the facts in the light most favorable to Plaintiff as the non-movant, the undersigned finds that there are genuine issues as to material facts in this matter and therefore summary judgment should be denied.

**IT IS, THEREFORE, ORDERED** Defendant's "...Motion for Summary Judgment" (Document No. 19) is **DENIED**.

Signed: October 18, 2007

David C. Keesler
United States Magistrate Judge